OCEANIC STEAM NAVIGATION COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67418.   Promulgated November 28, 1934.

*Everett Masten, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

### OPINION.

MATTHEWS: This proceeding is for the redetermination of a deficiency in income tax for the year 1930 in the amount of $10,666.77. The sole issue involved herein is whether the respondent erred in including in the petitioner's taxable income for 1930 the sum of $88,889.75, which was paid to the petitioner in 1930 by the United States Government as interest on refunds of Federal income and excess profits taxes.

The facts have been stipulated by the parties as follows:

The petitioner is a foreign corporation, organized and existing under and by virtue of the laws of Great Britain, with its principal office at London, England.

During the year 1930 Philip A. S. Franklin was agent in the United States of petitioner corporation, with offices at 1 Broadway, New York, N. Y.

During the year 1930 the petitioner received from the United States Government the sum of $88,889.75, representing interest in the amounts of $73,330.85 and $15,558.90 on refunds of Federal income and excess profits taxes overpaid for the year 1919 in the sum of $123,681.84, and for the year 1921 in the amount of $34,802.83.

The entire income of the petitioner from sources within the United States for the calendar year 1930—except as to the item of $88,889.75 here in dispute—represented earnings derived from the operation of ships documented under the laws of Great Britain.

The laws of Great Britain grant to citizens of the United States and to corporations organized in the United States an exemption equivalent to that granted foreign corporations by Section 231 (b) of the Revenue Act of 1928.

The question presented in this proceeding has been decided adversely to the petitioner by the Supreme Court of the United States in *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, reversing the decision of the Court of Appeals of the District of Columbia, 68 Fed. (2d) 407. See also *British-American Tobacco Co., Ltd.* v. *Helvering*, 293 U. S. 95, decided on the same day, affirming the decision of the Circuit Court of Appeals for the Second Circuit, 69 Fed. (2d) 528. It is held by the Supreme Court that the United States is a resident, within the meaning of the words " residents, corporate or otherwise ", as they are used in section 217 (a) of the Revenue Act of 1926 and in section 119 (a) of the Revenue Act of 1928, and that interest received by a foreign corporation on refunds of Federal taxes paid to the United States should be included in such corporation's " gross income from sources within the United States ", as interest on " interest-bearing obligations of residents " of the United States.

Upon authority of these decisions the determination of the respondent in this case is sustained.

*Judgment will be entered for the respondent.*